UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT,

    Plaintiff,

v.                                                  ACTION NO. 2:09cv2

DUANE K. HAYES,

LAWANDA GRACE, and

BONNIE L. KELLER,

    Defendants.

## REPORT AND RECOMMENDATION

By order of reference entered December 11, 2009, this matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, for a Report and Recommendation on Plaintiff's motion for summary judgment [Doc. 19]. The Court recommends GRANTING Plaintiff's motion.

### I. UNDISPUTED FACTS

1. On April 20, 2008, Bonnie L. Keller filed a lawsuit against Duane K. Hayes and Lawanda Grace in the Circuit Court for the City of Norfolk. <u>Bonnie L. Keller v. Duane K. Hayes a/k/a Keith D. Hayes and Lawanda Grace</u>, At Law No. CL08-2783 (the "Keller Suit). (Compl. Ex. A.)

2. The Keller Suit alleges Mr. Hayes and Ms. Grace managed and/or operated an unlicensed, illegal boarding house at 735 W. 28th Street, Norfolk, Virginia ("the Premises"); the boarding house was not equipped with functioning smoke detectors and did not have an escape route from a second story bedroom; and there was no appropriate regulation of smoking or other fire hazards in the boarding house. Id. at ¶¶ 1, 2, 3, and 5.

3. The Keller Suit further alleges Mr. Hayes and Ms. Grace were in violation of Federal, State, and local statues, codes, and/or ordinances regarding the safety of the boarding house. Id. at ¶7.

4. The Keller Suit alleges Ms. Keller was residing at that boarding house "as a business invitee and tenant" on or about May 2, 2006, when it caught fire causing her to sustain serious burns and permanent personal injuries. Id. at ¶¶ 1 and 3.

5. The Keller Suit claims the injuries suffered by Ms. Keller were the direct and proximate result of the negligent acts of Mr. Hayes and Ms. Grace. Id. at ¶ 8.

6. The Keller Suit seeks damages against Mr. Hayes and Ms. Grace (jointly and severally) in the amount of twenty-five million dollars ($25,000,000.00). Id.

7. The Automobile Insurance Company of Hartford, Connecticut ("Travelers") issued Homeowners Policy number 978387788-633-1 (the "Policy"), effective July 12, 2005 to July 12, 2006, to Duane Hayes (as the named insured), listing "735 W. 28th Street Norfolk VA 23508" as the "Location of Residence Premises." Id. at ¶ 14; see also Compl. Ex. B.

8. The Policy contains the following definitions:

> **DEFINITIONS**
>
> In this policy, "you" and "your" refer to the "named

2

insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

\* \* \*

2. "Business" includes trade, profession or occupation.

3. "Insured" means you and residents of your household who are:

    a. Your relatives; or

    b. Other persons under the age of 21 and in the care of any person named above.

\* \* \*

4. "Insured location" means:

    a. The "residence premises";

    b. The part of other premises, other structures and grounds used by you as a residence and:

    (1) Which is shown in the Declarations; or

    (2) Which is acquired by you during the policy period for your use as a residence;

    c. Any premises used by you in connection with a premises in 4.a. and 4.b. above;

\* \* \*

8. "Residence premises" means:

    a. The one family dwelling, other structures, and grounds; or

    b. That part of any other building;

    where you reside and which is shown as the

"residence premises" in the Declarations.

"Residence premises" also means a two family dwelling where you reside in at least one of the family units and which is shown as the "residence premises" in the Declarations.

(Compl. Ex. B at Page 1 of 17.)

8. Section II of the Policy contains the following insuring agreement applicable to Personal Liability Coverage:

**SECTION II - LIABILITY COVERAGES**

**COVERAGE**
**PERSONAL LIABILITY**

If a claim is made or a suit is brought against any "insured" for damages because of "bodily injury", "personal injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the "insured" is legally liable . . . ; and

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

Id. at Page 12 of 17.

10. The Policy contains the following exclusions applicable to Personal Liability Coverage:

**SECTION II - EXCLUSIONS**

1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to "bodily injury" or "property damage":

4

* * *

> b. Arising out of or in connection with a "business" engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the "business";
>
> c. Arising out of the rental or holding for rental of any part of any premises by an "insured." This exclusion does not apply to the rental or holding for rental of an "insured location":
>
> (1) On an occasional basis if used only as a residence;
>
> (2) In part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or
>
> (3) In part, as an office, school, studio or private garage.

Id.

11. The Keller Suit was tendered to Travelers for insurance coverage (including a defense) under the Policy in September 2008. (Compl. at ¶ 18.)

12. Pursuant to the Policy's Property Coverage, Travelers paid a property loss claim to Mr. Hayes, the named insured under the Policy. (Keller's Resp. at 3.)

## II. PROCEDURAL HISTORY

On January 6, 2009, Travelers filed the instant declaratory judgment suit against Duane K. Hayes, Lawanda Grace, and Bonnie L. Keller seeking a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Travelers has no obligation to defend or indemnify Mr. Hayes or Ms. Grace with

respect to the Keller Suit. Ms. Keller filed an answer on February 24, 2009. Mr. Hayes and Ms. Grace failed to make an appearance in the case, however, resulting in the Clerk's entry of default on June 11, 2009. Travelers filed their Motion for Summary Judgment on November 20, 2009, and the motion has been fully briefed by Travelers and Ms. Keller.

A hearing was held on December 18, 2009. Emily M. Scott, Esq., represented Plaintiff Travelers. T. Wayne Williams, Esq., represented Defendant Bonnie L. Keller. The Official Court Reporter was Paul McManus. Defendants Duane K. Hayes and Lawanda Grace did not make an appearance.

### III. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the non-moving party. Id. at 255. Finally, either party may submit as evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits" to support or rebut a summary judgment motion. Fed. R. Civ. P. 56(c).

### IV. DISCUSSION

Ms. Keller acknowledges that the applicable Travelers' insurance policy is the Policy referred to by Travelers in their filings, and attached to the Complaint. (Keller's Resp. at 2.) Ms. Keller also acknowledges that the Policy contains the provisions for coverage and exclusions listed above,

including the Business Pursuits Exclusion (Exclusion 1(b)) and the Rental Exclusion (Exclusion 1(c)). Id. However, Ms. Keller asserts that the exclusions contained in the Policy do not relieve Travelers of its obligation to defend, indemnify and provide coverage to Mr. Hayes and Ms. Grace for two reasons. First, Ms. Keller argues "Travelers and/or its agents implicitly waived (or through the doctrine of estoppel by waiver waived) those exclusions during the application process for the policy." Id. Secondly, Ms. Keller asserts that by providing coverage and payment for the property damage to the premises, "under the equitable principle of estoppel [, Travelers] is precluded from denying its obligation to defend, indemnify and provide coverage to defendants Hayes and Grace in response to the underlying tort action." Id. The Court finds neither argument persuasive.

### A. The Policy's Exclusions Preclude Coverage for the Defendants in the Keller Suit

The Policy contains two exclusions which apply to preclude coverage for the Keller Suit, the Business Pursuits Exclusion and the Rental Exclusion. Ms. Keller's counsel acknowledged during oral argument on Plaintiff's Motion for Summary Judgment that, based on the allegations in the Keller Suit Complaint and the testimony given during the depositions of Mr. Hayes and Ms. Grace, the Business Pursuits Exclusion and Rental Exclusion would apply to exclude coverage under the Policy absent the application of waiver and estoppel.

#### 1. Business Pursuits Exclusion

The undisputed record shows Ms. Keller's injuries arose "out of or in connection with" Mr. Hayes and Ms. Grace operating a "business" at the Premises, resulting in no personal liability coverage under the Policy. Exclusion 1(b) provides that the Personal Liability Coverage does not apply to "bodily injury":

> Arising out of or in connection with a "business"

7

> engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the "business".

(Compl. Ex. B Page 12 of 17.) In the Keller Suit Complaint, Ms. Keller alleges she was a business invitee and tenant in the unlicensed and illegal boarding house managed and operated by Mr. Hayes and Ms. Grace. (Compl. Ex. A ¶¶ 1-2.) She alleges Mr. Hayes and Ms. Grace breached the duty of care owed to her as a business invitee by failing to provide functioning smoke detectors, an accessible escape route from her second story room, and regulation of smoking and other fire hazards. Id. at ¶¶ 3-5. Further, she asserts Mr. Hayes and Ms. Grace were operating the boarding house in violation of federal, state and local statutes, codes and ordinances regarding safety including, but not limited to Article II § 11.1-14 of the Norfolk Municipal Code, Virginia Residential Landlord Tenant Act, Virginia Code § 55-248.2 et. seq. Id. at ¶ 7.

In addition, the deposition of Ms. Grace clearly demonstrates the boarding house was operated as a business falling within the Business Pursuits Exclusion.[1] Ms. Grace testified that rent was collected on a monthly basis from multiple tenants over six to seven years (Mem. in Support of Mot. for Sum Judg. "Travelers' Mem." Ex. C at 14:2-8), and was deposited into a business bank account. Id. at 17:6-18. Consequently, the injuries Ms. Keller sustained while a business invitee on the Premises are not covered by the Policy.

---

[1] When determining whether a business pursuits exclusion applies to preclude insurance coverage, Virginia courts examine two elements – continuity and profit motive. Va. Mut. Ins. Co. v. Hagy, 352 S.E.2d 316, 318 (Va. 1987); Allstate Ins. Co. v. Jarrett, 1994 WL 521094, at *3 (W.D.Va. Apr. 22, 1994). Both are present in this case. The boarding house on the Premises had been in continuous operation since at least 1999. (Travelers' Mem. Ex. E Answer #1, Ex. C at 13:8-12; 25:22-25.) Further, Ms. Grace testified that she and Mr. Hayes collected $1600 per month in rent. (Travelers' Mem. Ex. C at 14:2-8; 17:21-25.)

## 2. Rental Exclusion

Secondly, Ms. Keller's injuries arose out of her renting a room at the Premises, resulting in no personal liability coverage under the Policy. Exclusion 1(c) provides that the Personal Liability Coverage does not apply to bodily injury:

> Arising out of the rental or holding for rental of any part of any premises by an "insured." This exclusion does not apply to the rental or holding for rental of an "insured location":
>
> (1) On an occasional basis if used only as a residence;
>
> (2) In part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or
>
> (3) In part, as an office, school, studio or private garage.

(Compl. Ex. B at Page 12 of 17.) The Keller Suit Complaint clearly establishes that Ms. Keller was renting a room at the Premises when the accident causing her injuries occurred. (Compl. Ex. A ¶¶ 1-2.)

The undisputed facts further establish that none of the three exceptions to the Rental Exclusion apply. First, Ms. Keller had been renting a room in the boarding house for six or seven years when the fire occurred. (Travelers' Mem. Ex. E Answer #1, Ex. C at 13:8-12, 25:22-25.) Therefore, the first exception for rental on an "occasional basis" did not apply. Secondly, Ms. Keller admits that there were at least five boarders living at the boarding house at the time of the fire. (Travelers' Mem. Ex. E Answer #2.) Consequently, exception (2) would not apply as there were more than two roomers or boarders. And, there has been no allegation that the boarding house was

9

being rented "in part, as an office, school, studio or private garage." Accordingly, the record shows Ms. Keller's injuries arose while she was a renter at the Premises, and no exception applies which would allow coverage under the Policy.

### B. Full Disclosure of Intended Use of the Premises as a Boarding House Does Not Result in Waiver of Policy Exclusions

Ms. Keller asserts that during the application process for the Policy, Mr. Hayes and Ms. Grace provided full disclosure of their intent to use the Premises as a "residence and group home option for disadvantaged adults." Id. at 4. The full disclosure was allegedly made to agents Chris Caldwell and Jennifer Cook of Cardinal Associates. Id. Ms. Keller attaches the affidavits of Mr. Hayes and Ms. Grace, executed on December 1, 2009, in support of this assertion. (Resp. Exs. C and D.) When Travelers issued the Policy following this disclosure, Ms. Keller asserts Travelers waived the Business Pursuits Exclusion and Rental Exclusion contained in the Policy. (Resp. at 4.)

Travelers disputes the claim of full disclosure made by Mr. Hayes and Ms. Grace in their affidavits. (Reply at 6-9.)[2] However, Travelers argues Virginia law would bar the application of waiver and estoppel to extend the coverage of the Policy even if the Court accepts the claims of full disclosure. (Reply at 3-5.) The Supreme Court of Virginia has held that the coverage of an insurance policy cannot be extended by the doctrines of waiver and estoppel "to include risks expressly

---

[2] As proof that the assertion of full disclosure is false, Travelers offers the application for the Policy completed and signed by Mr. Hayes prior to the issuance of the Policy. (Reply Ex. C.) Mr. Hayes indicated in his application for insurance that the Premises would be his primary residence, would only be occupied by one family, and there would be no business use of the Premises. (Reply Ex. C at 1-2.) Further, Chris Caldwell stated during his deposition that in the nine years Mr. Hayes had been his client, Mr. Hayes never discussed having boarders. (Resp. Ex. E at 26:15-18, 36:23-25.) Travelers also offers the declaration of Jennifer Cook (now Jennifer Reck), who asserts Mr. Hayes never disclosed any information to her related to his intended use of the Premises as a boarding house, rather he indicated he was applying for insurance for his primary residence to be occupied by a single family. (Reply Ex. A at ¶¶ 4 and 7.)

excluded." Sharp v. Richmond Life Ins. Co., 183 S.E.2d 132, 135 (Va. 1971). In Sharp, the insurance agent was aware when he wrote the insurance contract of a health condition with the policyholder which invoked an exclusion. Id. Notwithstanding, the Court held, "this knowledge of its agent, imputed to the Insurance Company, may not be used to make a new contract for the parties covering risks specifically excluded under the policy." Id. Consequently, "an insurance contract may not be extended by estoppel or implied waiver to include risks expressly excluded." Id.

The Supreme Court of Virginia restated this holding in Norman v. Ins. Co. of North America, where the insured argued the insurance company was estopped to deny coverage after defending his suit. 239 S.E.2d 902, 906 (Va. 1978). The Court cites several Virginia cases which establish the "general and quite well settled rule of law" that the principles of estoppel and implied waiver cannot apply to extend the coverage of an insurance policy. Id. at 908.[3] Even though the jury in Norman found the insured guilty of a malicious and intentional assault excluding coverage under the insurance policy, the insured argued the insurance company was estopped from denying coverage after they had defended him during the suit. Id. at 906. The Supreme Court of Virginia held, "[t]he case here is one in which there is no coverage no insurance. . . . For [the insured] to recover coverage must be created where no coverage was provided. Or, stated differently, the Court must bring into being a contract of insurance where there was none." Id. at 907-08.

Similarly, the Policy's personal liability coverage includes a Business Pursuits Exclusion and a Rental Exclusion, which exclude coverage for injuries arising while Ms. Keller was a business

---

[3] The Court recognizes only one exception to this general rule, where an insurer unconditionally defends an action against its insured. Norman, 239 S.E.2d at 908. This exception could not apply to the Keller Suit where Travelers has brought this declaratory judgment action to settle the issue of coverage under the Policy.

invitee renting a room from Mr. Hayes and Ms. Grace. Even if Travelers knew of Mr. Hayes's and Ms. Grace's intent to use the Premises as a boarding house, waiver and estoppel cannot apply to extend coverage when the Policy explicitly excludes it. The line of cases discussed above clearly defeats Ms. Keller's argument that, during the application process for the policy, Travelers waived the Business Pursuits Exclusion and the Rental Exclusion. Both exclusions apply to preclude coverage under the Policy.

### C. No Equitable Estoppel Due to Travelers' Payment of Property Damage Claim

Secondly, Ms. Keller asserts that because Travelers paid Mr. Hayes under the Property Coverage section of the Policy, Travelers is estopped from denying coverage under the Liability Coverage section of the Policy. (Keller's Resp. at 2.) During the summary judgment hearing, counsel for Ms. Keller admitted that, while both are contained in the Policy, the Policy's Property Coverage(Section I) is separate and distinct from the Liability Coverage (Section II). Notably, the Property Coverage does not include the Business Pursuits Exclusion or the Rental Exclusion contained in the Liability Coverage. (Compl. Ex. B – Compare Pages 8-9 of 17 to Pages 12-14 of 17.) As a result, Travelers did not have grounds to deny Mr. Hayes's property damage claim based on these exclusions.

The elements necessary to establish equitable estoppel, absent a showing of fraud and deception, are "a representation, reliance, a change of position, and detriment." T... v. T..., 224 S.E.2d 148, 152 (Va. 1976) (citing United States v. Fidelity and Casualty Co. of New York, 402 F.2d 893, 898 (4th Cir. 1968)). Ms. Keller has failed to establish any of these elements. Moreover, for the reasons discussed above, equitable estoppel cannot be applied to extend the coverage of the Policy. See supra Part IV. B. Accordingly, both the Business Pursuits Exclusion and the Rental

Exclusion to the Policy's Personal Liability Coverage apply to bar coverage for the Keller Suit.

## V. RECOMMENDATION

For the foregoing reasons, the Undersigned recommends that Plaintiff's Motion for Summary Judgment be GRANTED, and that judgment be entered declaring that the Plaintiff has no duty to defend or indemnify Duane K. Hayes or Lawanda Grace in the case pending in the Circuit Court for the City of Norfolk titled Bonnie L. Keller v. Duane K. Hayes a/k/a Keith D. Hayes and Lawanda Grace, At Law No. CL08-2783.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce,

727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/<br>
Tommy E. Miller<br>
United States Magistrate Judge

Norfolk, Virginia  
January 8, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

John B. Mumford, Jr., Esq.
Kathryn E. Kransdorf, Esq.
Hancock, Daniel, Johnson & Nagle P.C.
4701 Cox Rd.
P.O. Box 72050
Richmond, VA 23255-2050


Emily M. Scott, Esq.
McCandlish Holton P.C.
1111 E. Main St.
P.O. Box 796
Richmond, VA 23218-0796


Jeffrey G. Haverson, Esq.
154 Newtown Rd.
Suite B3
Virginia Beach, VA 23462


T. Wayne Williams, Esq.
Williams Deloatche P.C.
924 Professional Place
Suite B
Chesapeake, VA 23320

Fernando Galindo, Clerk

By_____
Deputy Clerk
January 8, 2010

15